**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PETER A. MURPHY,  )  | 3:21-CV-1725 (SVN) |
|    *Plaintiff*,  ) | |
|                             ) | |
| v.  ) | |
|                             ) | |
| JAMES L. GRIMES,  ) | |
|    *Defendant*.  ) | May 9, 2022 |
|                             ) | |

**ORDER OF DISMISSAL**

Sarala V. Nagala, United States District Judge.

On December 28, 2021, Plaintiff Peter Murphy, through counsel, filed a three-count complaint against Defendant, James L. Grimes, an officer employed by the Connecticut State Police. ECF No. 1. Plaintiff claimed that Defendant subjected him to false arrest, malicious prosecution, excessive force, deprivation of right to counsel, excessive bond, and unreasonable search and seizure in violation of the U.S. Constitution, as well as intentional infliction of emotional distress in violation of Connecticut common law. *Id.*

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the defendant within ninety days after the complaint is filed. Accordingly, Plaintiff was required to serve Defendant by March 28, 2022. As of April 15, 2022, Plaintiff had not filed proof of service of the complaint upon Defendant. Accordingly, the Court ordered Plaintiff to file proof of service or show cause why the case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) by April 29, 2022. ECF No. 8. Several days have passed since the April 29 deadline, and Plaintiff has not filed proof of service, a motion requesting an extension of the service deadline, or a response to the Court's order to show cause. Due presumably to the lack of service of the complaint upon him, Defendant has still not appeared to defend the case.

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  A federal district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit has instructed that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation and internal quotation marks omitted).  The Court should consider a variety of factors, including "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*; *see also Cayo v. Stop & Shop Supermarket Co., LLC*, No. 3:12-cv-638, 2013 WL 1501689, at *1 (D. Conn. Apr. 10, 2013) (same).  In sum, a dismissal under Rule 41(b) is "largely a matter of the trial court's discretion." *Joseph Muller Corp. Zurich v. Societe Anonyme De Gerance Et D'Armement*, 508 F.2d 814, 815 (2d Cir. 1974).

To date, Plaintiff has not indicated whether he has served Defendant or whether he requires additional time to do so.  Indeed, there has been no substantive activity in the case since Plaintiff filed his complaint in December of 2021.  As such, dismissal is warranted in this case.  The Clerk's standing Notice to Counsel and Pro Se Parties, entered on the docket at ECF No. 5, informed

Plaintiff that he had to become familiar with and abide by the Federal Rules of Civil Procedure. The docket text corresponding with the Notice further informed Plaintiff that he was required to serve Defendant with the complaint and other relevant documents. More than two weeks ago, Plaintiff was warned that his failure to serve the complaint would result in dismissal of the case. His failure to serve the complaint or otherwise notify the Court of a reason for such failure has unduly delayed the progression of this matter. Moreover, given the nascent stage of the case, the Court cannot conclude that Plaintiff has otherwise been diligent in prosecuting his claims. These factors weigh in favor of dismissal.

To appropriately balance Plaintiff's right to an opportunity for a day in court and the extreme nature of dismissal for failure to prosecute, however, the Court will dismiss this case without prejudice to filing a motion to reopen for a period of thirty days. Specifically, Plaintiff may file a motion to reopen this case on or before **June 8, 2022.** Any such motion must show good cause for his failure to timely serve the complaint or request an extension of the service period. Such motion must also attach proof of service of the complaint. If Plaintiff fails to file a motion to reopen before June 8, 2022, the Court will convert this dismissal into one with prejudice.

## CONCLUSION

**The case is DISMISSED without prejudice for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).** If Plaintiff fails to file a motion to reopen that complies with this order by June 8, 2022, the Court will convert this dismissal into one with prejudice.

The Clerk is directed to close this case without prejudice.

**SO ORDERED** at Hartford, Connecticut, this 9th day of May, 2022.

                                       */s/ Sarala V. Nagala*
                                       SARALA V. NAGALA
                                       UNITED STATES DISTRICT JUDGE